IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH CASTILLO,

        Plaintiff,

vs.                                             CIVIL NO. 09-592 JB/LFG

CITY OF ALBUQUERQUE,

        Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

THIS MATTER is before the Court on an Order of Reference [Doc. 9] to conduct a review of *pro se* Plaintiff Joseph Castillo's ("Castillo") Complaint [Doc. 1], filed June 16, 2009, to determine whether it can withstand Fed. R. Civ. P. 12(b)(6) scrutiny.

### Request to Proceed *In Forma Pauperis*

Castillo did not pay a filing fee, and instead, submitted a Motion to Proceed *In Forma Pauperis* [Doc. 2] pursuant to 28 U.S.C. § 1915. The *in forma pauperis* statute authorizes a court to waive filing fees and various court costs for indigents. The intent of the statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, `in any court of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948).

Castillo's motion and financial affidavit indicate he earns $2,230 per month, is single, and has no dependents. He is a homeowner with $20,000 in equity and has savings and cash on hand

---

[1] Within fourteen (14) days after a party is served with a copy of this report and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the proposed disposition. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the report and recommendation. Thus, if no objections are filed by March 1, 2010, no appellate review will be allowed.

(but failed to specify the amount). His total monthly expenses are $1,203, leaving a positive cash flow of $2,027. Based on this information, he is not indigent and, therefore, the undersigned Magistrate Judge recommends that his Motion to Proceed *In Forma Pauperis* [Doc. 2] be denied.[2]

### *Sua Sponte* Analysis

While Congress removed barriers to court access for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).

In response to this congressional concern, federal courts were specifically authorized to review an *in forma pauperis* complaint and dismiss the complaint if the plaintiff does not "plead sufficient facts, that when taken as true, provide 'plausible grounds' that 'discovery will reveal evidence' to support plaintiff's allegations." Gann v. Cline, 519 F.3d 1090, 1092 (10th Cir. 2008) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)); Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007); Carson v. Tulsa Police Dep't, 266 F. App'x 763, 765 (10th Cir. Feb. 21, 2008) (applying Twombly plausibility standard in § 1915 review).

More recently, in Ashcroft v. Iqbal, __ U.S. __ 129 S. Ct. 1937 (2009), the United States Supreme Court further discussed the Twombly plausibility standard:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Twombly], at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[2]Castillo's current employment status is in question. His motion recites that he is employed, but it also states that he has a pending application for unemployment benefits. Moreover, his Complaint generally relates to employment issues. It is possible that there is a change in Castillo's employment situation since the filing of his Complaint. Therefore, the Court will proceed with the 28 U.S.C. § 1915 *sua sponte* review.

> reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S. Ct. 1955 (brackets omitted).

Iqbal, 129 S. Ct. at 1949.

## Discussion

Castillo's Complaint is deficient for a number of reasons. It fails to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2), *i.e.*, a "short and plain statement of the claim showing that the pleader is entitled to relief." Castillo's Complaint is voluminous, confusing and, in places, incoherent. It does not specifically set out the basis of his dispute, the grounds on which he relies, or the elements of any claim.[3] Rather, the 40-page Complaint and multiple "notices" deal with disjointed, unclear ramblings relating to religion, politics, history, international relations, disputes with unions, employers, co-workers, police, judges, government agencies, doctors, criminal cases, and mental health issues. [Doc. Nos. 1, 3-8.]

The Federal Rules of Civil Procedure require a litigant to provide the opponent with fair notice of the claim and the grounds on which the claim rests. Tellabs, Inc. v. Makor Issues & Rights Ltd., 551 U.S. 308, 319 (2007); Twombly, 550 U.S. at 555. The intent of Rule 8(a) is clear. An opponent must know the basis of the claim and the relief sought, and must be given fair notice so as to entitle the opponent to marshal evidence and be prepared to defend itself if necessary.

> [T]he federal pleading duty is far from trivial; the pleading must still contain "enough" to give defendants fair notice of the complaint's

---

[3]Castillo's initial Complaint totals 40 pages. [Doc. 1.] Between August 2009 and January 2010, he filed six "notices," which encompass 170 pages. [Doc. Nos. 3-8.] It is unclear if these "notices" were intended as amendments Castillo's pleadings are often single-spaced and repetitive; his notices include exhibits.

> claims and the grounds for them.  Merely incanting labels, legal
> conclusions, and the formulaic elements of a cause of action is not
> sufficient.  Instead, a claim's allegations must "possess enough heft"
> to show an entitlement to relief (thus justifying that the costly process
> of litigation to continue).

Steven Baicker-McKee, William M. Janssen & John B. Corr, Federal Civil Rules Handbook 330-31 (2010) (internal citations omitted).  The "heft" requirement is intertwined with Twombly's plausibility standard.  Thus, a pleader must provide enough factual content to allow the Court to draw a reasonable inference that a party is liable for the misconduct alleged.

In this case, Castillo's Complaint names the City of Albuquerque as the Defendant, but a reading, or even attempted reading of the Complaint fails to disclose the exact nature of the dispute.  The Complaint and companion notices, which perhaps are intended as amendments to the Complaint, fail to comply with the requirements of Rule 8(a), and, further, fail to meet the standards announced in the Supreme Court's decisions in Twombly or Iqbal.  Indeed, Castillo's voluminous Complaint is an amalgamation of scriptural and religious exhortations, intertwined with diverse , unrelated legal phrases and concepts.

For example, the Complaint and notices present a confusing history of employment problems that span many years.  The Complaint [Doc. 1] and repetitive notices refer to employment problems dating back as much as twenty-five years.

Castillo rails against alleged conduct of various federal agencies, including the United States Equal Employment Opportunity Commission [Doc. 1, pp. 2, 7, 8, 11, 16, 31 through 35], and the United States Post Office [Id., pp. 30, 31].  Castillo disagrees with various federal judges who denied prior requests for the appointment of counsel in other cases [Id., p. 29] and he bitterly complains about a lawyer who sought a retainer fee to represent him [Id.].

A thorough reading of the Complaint fails to disclose the exact nature of Castillo's claims, the relief sought or the basis of the lawsuit. It is most likely, however, that he seeks to assert claims either under 42 U.S.C. § 1983 or the Civil Rights Act of 1964.

### **Section 1983**

The first page of Castillo's Complaint may be an attempt to assert a § 1983 complaint. He states that Defendant "acted under color of state law," but the only Defendant is the City of Albuquerque. Without more, the claim cannot survive, as asserted against the City of Albuquerque.

In Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-95 (1978), the United States Supreme Court held:

> [a] local government . . . may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983.

Castillo did not allege that the City had a custom or policy allowing or promoting unconstitutional or illegal rights. Without such an allegation, Castillo cannot establish municipal liability. *See* Fritchey v. Denver Police Dep't, No. 93-1451, 21 F.3d 1121 (Table), 1994 WL 142474, *1 (10th Cir. Apr. 20, 1994) (affirming denial of request to amend because the plaintiff "failed to allege a custom or policy of unconstitutional acts necessary for municipal liability").

In addition, 42 U.S.C. § 1983 authorizes a court to grant relief only when a party's federally protected rights have been violated by a state or local official acting under color of state law. Thus, a person who asserts a claim for relief under § 1983 must satisfy two elements: (1) "the plaintiff must allege that some person has deprived him of a federal right," and, (2) "he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); West v. Atkins, 487 U.S. 42, 48 (1988).

Castillo's Complaint satisfies neither prong. As stated above, Castillo did not identify a proper § 1983 defendant. Second, the only "color of law" allegedly relied on [Doc. 1, p. 1] is the "Old Deluder Satan Act."[4] The Complaint does not allege who acted pursuant to the "Old Deluder Satan Act," or how any such action deprived him of a federally protected right. Moreover, it is far-fetched to believe that any of Castillo's claims apparently arising in the State of New Mexico were caused by an official acting under color of the 1647 Old Deluder Satan Act. Third, a purported § 1983 claim would also necessarily fail because Castillo failed to identify any constitutional right or federal violation that was denied him by a person acting under color of the "Old Deluder Act."

## Title VII and The New Mexico Human Rights Act

It is possible that Castillo seeks to assert an employment discrimination claim under federal or state law, as he makes multiple references to disputes with EEOC and disputes he had with various employment supervisors or co-employees over the years. However, if this is the case, Castillo did not allege he properly exhausted administrative remedies, timeliness of the lawsuit, or claims within the 300-day statutory period. Indeed, he does not allege that any adverse job action was taken as a result of any protected status under the law.

At some point, it appears that Castillo was required by his employer to undergo a psychological evaluation, due to concerns about his competency.[5] It is unclear, however, if, as a result of the evaluation, he suffered some adverse employment action.[6] At most, the Court can only

---

[4] While this historical reference is interesting, it has no applicability to Castillo's Complaint. The "Old Deluder Satan Act" is one of three legislative acts arising in the Massachusetts Bay Colony in the mid-1600s. It was an attempt by the Massachusetts Bay Colony Puritans to create a literate population. http://en.wikipedia.org/wiki/Massachusetts_School_Laws.

[5] He attaches various medical reports indicating a lack of competency. [Doc. 8.]

[6] Castillo complains about action or inaction by a union to grieve. This may be related to an employment action, but it is unclear. He also refers to reprimands which arose due to bus passenger complaints against him.

speculate that something relating to Castillo's employment history prompted the filing of this lawsuit. Because he complains, in part, about his union's failure to grieve, it is equally possible that the employment concerns have to do with the union's alleged failure to adequately represent him. However, if that is the situation, Castillo failed to adequately plead the claim.

Even giving Castillo's pleadings the liberal construction to be afforded *pro se* litigants, Haines v. Kerner, 404 U.S. 519, 520 (1972), and assuming the allegations as true with all reasonable inferences therefrom viewed in the light most favorable to Castillo, Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir.1999), Castillo failed to state any plausible claim upon which relief can be granted. *See* Twombly, 127 S.Ct. at 1964-65. It is not the Court's function to devise a cause of action from a rambling, incoherent diatribe. To the contrary, if a party seeks to assert a valid cause of action under Twombly and Iqbal, it is incumbent on the party to state a claim that contains a "short and plain statement . . . showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). This, Castillo fails to do in his 170 pages of pleadings.

## **Recommendation**

The undersigned magistrate judge recommends that Castillo's Motion to Proceed *In Forma Pauperis* be DENIED; and that his Complaint be DISMISSED, without prejudice, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[7]

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[7] Should Castillo wish to proceed with litigation in the future, he should attempt to secure the assistance of an attorney or a publicly funded legal advocacy organization to ensure that future pleadings will be compliance with Rules 8(a) and 12(b).