IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH CASTILLO,

        Plaintiff,

v.                                                No. CIV  09-0592 JB/LFG

CITY OF ALBUQUERQUE,

        Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, AS AMENDED,
AND DISMISSING COMPLAINT, WITHOUT PREJUDICE**

**THIS MATTER** comes before the Court on the Magistrate Judge's Report and Recommendation, filed February 12, 2010 (Doc. 10).  The Magistrate Judge recommended that the Court deny Plaintiff *pro se* Joseph Castillo's motion to proceed *in forma pauperis*, filed June 16, 2009 (Doc. 2), and that the Court dismiss, without prejudice, Castillo's Complaint, filed June 16, 2009 (Doc. 1).  The Magistrate Judge also recommended that the Court dismiss, for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure, numerous other pleadings captioned "Notices."  See Notice, filed August 21, 2009 (Doc. 3); Notice, filed September 18, 2009 (Doc. 4); Notice, filed October 22, 2009 (Doc. 5); Notice, filed December 1, 2009 (Doc. 6); Notice, filed January 11, 2010 (Doc. 7); Notice, filed January 29, 2010 (Doc. 8).  The Court will amend the Magistrate Judge's recommendation, in part, to allow Castillo to proceed *in forma pauperis*, will adopt the Magistrate Judge's recommendations as amended, and will dismiss this action, without prejudice, for failure to state a claim.  The Court will also overrule Castillo's "objections," see Doc. 12, to the Magistrate Judge's Report and Recommendation.

**STANDARD FOR DECIDING A MOTION TO DISMISS**

A complaint does not require "detailed factual allegations," but the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)(internal quotation marks and bracket omitted). A complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." Id. at 1974. In resolving a motion to dismiss brought under rule 12(b)(6), the court must determine whether the factual allegations are sufficient "to raise a right to relief above the speculative level," while assuming "that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal quotation marks omitted).

The Supreme Court of the United States has recently re-emphasized that conclusory statements without sufficient underlying supporting factual allegations will not survive a motion to dismiss for failure to state a claim. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Accordingly, it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability. Id. (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Instead, the courts should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth." Id. at 1951. Then it "consider[s only] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,"

which "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### **ANALYSIS**

Although the Magistrate Judge proposed denying Castillo's request to proceed *in forma pauperis,* based on Castillo's financial affidavit, see Doc. 2, it appears that Castillo is no longer employed and, therefore, is not earning a monthly salary.[1] See Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. Feb. 4, 2008)(unpublished decision)("[A] person's financial fortunes can change dramatically in a short period of time, and an application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status.")(internal citation omitted). In liberally construing Castillo's motion for *in forma pauperis* status, see Haines v. Kerner, 404 U.S. 519, 520 (1972)(stating that a court must liberally construe *pro se* litigants' pleadings), the Court concludes Castillo is indigent and entitled to proceed *in forma pauperis* in this proceeding. Accordingly, the

---

[1] As the Magistrate Judge noted in his recommendations, it is difficult to decipher Castillo's rambling and nonsensical pleadings. However, while Castillo states he earns $2,230.00 a month, see Doc. 2, it appears that he is no longer employed by the City of Albuquerque. A number of the attachments to his pleadings refer to Castillo being laid off or let go as of July 2009. See, e.g., Complaint at 3 (Doc. 1)(failure to pass medical or psychological examination, April 2009); Motion to Proceed *In Forma Pauperis* at 2 (Doc. 2)(seeking unemployment compensation benefits); Notice at 17 (Doc. 11)(notice of no longer being paid administrative leave in April 2009); Notice at 3 (Doc. 11-2)("Employment History: No current employment; layed (sic) off 7/4/2009; used to drive a City bus."). A mental-health evaluation, conducted on February 6, 2009, indicated the reviewing medical officer found Castillo was not fit for duty based on what appeared to be Castillo's "delusional thinking." Notice at 11 (Doc. 11). In August 2009, Castillo was issued a "criminal trespass notification -- order not to return" to the property of Albuquerque City Transit Facilities. Notice at 12 (Doc. 11). He was found not competent to stand trial in January 2010. Notice at 4 (Doc. 11-2).

Court amends that portion of the Magistrate Judge's Report and Recommendation, adopts it as amended, and grants Castillo's motion to proceed *in forma pauperis*.

The Court next addresses the Magistrate Judge's recommendation that the Court dismiss, without prejudice, Castillo's Complaint and related pleadings for failure to state a claim. On February 12, 2010, the same day the Magistrate Judge entered his Report and Recommendation, Castillo filed his seventh "notice" in support of his Complaint. See Doc. 11. Presumably, Castillo had not read the Report and Recommendation before filing the seventh notice.[2]

At the top of his 71-page eighth notice, filed February 24, 2010 (Doc. 12), Castillo states: "Objections-Loss Physical Liberty-NO Redress-GRIEVANCE-Judge James Browing [sic] *10Feb-10*CIV 09-592 JB/LFG*Referred Judge Lorenzo Garcia*analysis*District Judge*." The Court construes the eighth notice as Castillo's objections to the Magistrate Judge's Report and Recommendation. The Court typically conducts a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Castillo objects. In this case, the Court is unable to identify any objections that actually refer to the Magistrate Judge's Report and Recommendation. See Doc. 12. Notwithstanding Castillo's failure to specifically address the Report and Recommendation, the Court carefully reviews the entirety of the pleading Castillo identifies as objections and summarizes some of that pleading below.

Like the earlier Complaint and notices, the eighth notice, see Doc. 12, again sets forth a hodgepodge of religious rambling, legal meanderings, and employment references. For example, Castillo states, in part:

---

[2] Castillo's 55-page seventh notice does not contain objections to the Magistrate Judge's Report and Recommendation. See Doc. 11. Moreover, the seventh notice and attachments duplicate Castillo's earlier notices and Complaint and fail to set out any new claims or support for the claims. Thus, the Court does not address the seventh notice in any detail.

>   -his complaint - DISMISSED– failure to *state a claim under Fed.R.P. 12(b)(6)*NO REDRESS–GRIEVANCE*_LOSS_ Physical Liberty!*Failure**PASS**Fitness*Duty TEST**NOT GRIEVABLE**UNION**Patient-Castillo?* Medical Condition=Religion=Holy-Bible-1787-_Constitution_=Secure_Blessings_ Liberty!=Lord *9Feb-06-PASS*ABQ-Psychologist-Opinion=Religious TEST-Rule Out - delusional disorder *9Apr-10-PASS*ABQ-Psychologist-Opinion=Religious TEST-thinking-memory-quite clear Gov.-Bondage!-PEGAN-Why-Joseph Castillo Transfer-Physical Layoff-"Delusional thinking?–Pursuant-provisions of *Constitution-rule of Law*We the People*Secure_Blessings_ Liberty** Ordain**Jesus Christ*_Ratification_*_Article_-VII*Our Lord*Church and State=CREATION*Old Testament PROPHECY Creator*Christ Lord concealed*Unalienable*Rights**LAW**New Testament*Creator* . . . .

Notice at 1 (Doc. 12)(emphasis in original). This excerpt from Castillo's objections is typical of all his pleadings in this case, which contain pages of run-on sentences separated by asterisks, equal signs, italicized and bold fonts, and uppercase letters.[3] In the midst of his stream-of-consciousness wanderings, Castillo inserts purported legal definitions of retaliation, adverse actions, the prima facie elements of Title VII discrimination, and damages. See Notice at 3, 8 (Doc. 12). Castillo also sets out strings of misspelled legal citations without any principles of law and lists of unrelated biblical references. See Notice at 5, 8 (Doc. 12).

---

[3] Castillo's objections refer to dozens of unrelated matters, e.g., use of bibles in schools, see Notice at 4 (Doc. 12); use of the phrase, "in God We Trust," in currency, see Notice at 4 (Doc. 12); separation of church and state, see Notice at 5 (Doc. 12); states may not interfere with contracts, see Notice at 4 (Doc. 12); no taxation without representation, see Notice at 7 (Doc. 12); President Obama's refusal to release his birth certificate, see Notice at 8 (Doc. 12); blue wall of silence, see Notice at 14 (Doc. 12); illegal search, see Notice at 15 (Doc. 12); the firing of United States Attorney David Iglesias, see Notice at 16 (Doc. 12); corruption in state government, see  Notice at 16 (Doc. 12); Congresswoman Heather Wilson losing her job, see Notice at 16 (Doc. 12); corruption in Congress, see Notice at 17 (Doc. 12); and the Spanish-American War, and World Wars I and II, see Notice at 19 (Doc. 12). None of these topics have any common theme, basis, or explanation.

The attachments to his pleadings, include documentation of various employment actions from different years and documentation of military service from the 1980's.  See, e.g., Attachments to Doc. 12.  Many of the attachments to the eighth notice were exhibits to other notices he filed in this case, including performance evaluation guides, Motor Vehicle Department records, requests for mental-health evaluations to determine fitness for duty as a motorcoach operator, results of examinations, mental-health diagnoses, and recommendations that Castillo seek psychiatric help.  See Attachments to Docs. 3-8, 11-12.

Castillo's objections are disjointed and non-specific.  What is clear, however, is that the objections do not reference any of the grounds upon which the Magistrate Judge relied for recommending that Castillo's Complaint and this entire matter be dismissed for failure to state a claim.  Stated differently, Castillo fails to disclose the exact nature of his claims, the relief he seeks, or the grounds upon which he may rely.  Moreover, to the extent that Castillo's pleadings might attempt to set forth a claims under 42 U.S.C. § 1983, Title VII, or the New Mexico Human Rights Act, his Complaint and notices do not satisfy the required elements of those claims.  Castillo fails to state any plausible claim upon which relief could be granted.  See Ashcroft v. Iqbal, 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Bell Atlantic Corp. v. Twombly, 550 U.S. at 556 (requiring that a complaint state a claim to relief that is plausible on its face).

The Magistrate Judge recommended that Castillo's Complaint be dismissed, without prejudice.  Because the exact basis of his claim is unclear, and because Castillo might be able to assert a claim, if he were to secure legal counsel, it is possible that he might be able fix the Complaint.  In other words, amendment might be possible.  Compare Brereton v. Bountiful City

Corp., 434 F.3d 1213, 1219 (10th Cir. 2006)("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leaving to amend would be futile."). Therefore, the Court is loathe to dismiss his Complaint with prejudice. It is unclear whether any amendment could result in some actionable claim.

For all of the above-stated reasons, the Court amends the Magistrate Judge's recommendation, in part, to allow Castillo to proceed *in forma pauperis* and dismisses this action, without prejudice, for failure to state a claim. The Court further overrules Castillo's "objections," see Doc. 12, to the Magistrate Judge's Report and Recommendation.

**IT IS ORDERED** that: (i) the Motion to Proceed *In Forma Pauperis* with Financial Affidavit Pursuant to 28 U.S.C. § 1915 is granted; (ii) the Magistrate Judge's Report and Recommendation, as amended, is adopted by the Court; and (iii) Plaintiff Joseph Castillo's Complaint and this entire matter is dismissed, without prejudice, for failure to state a claim.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Joseph Castillo
Albuquerque, New Mexico

    *Plaintiff Pro Se*